**Jean MAYO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3420–ag.

United States Court of Appeals,
Second Circuit.

April 5, 2007.

Bibiana C. Andrade, Franklin Square, New York, for Petitioner.

David R. Dugas, United States, Attorney for the Middle District of Louisiana, James L. Nelson, Assistant United States Attorney, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jean Mayo, a purported citizen of The Republic of Congo, seeks review of a June 21, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the January 24, 2005 decision of an immigration judge ("IJ"), denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mayo*, No. A79 299 224 (B.I.A. June 21, 2006) *aff'g* No. A79 299 224 (Immig. Ct. N.Y. City Jan. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ in this matter became far too zealous in his attempts to enforce our immigration laws, leading this Court to repeatedly reprimand him, *see, e.g., Islam v. Gonzales,* 469 F.3d 53, 55–56 (2d Cir.2006); *Guo–Le Huang v. Gonzales,* 453 F.3d 142, 148, 150 (2d Cir.2006); *Ba v. Gonzales,* No. 05–5043–ag, 2007 U.S.App. LEXIS 3976 at *7–*8, —— Fed.Appx. ——, ——–——, 2007 WL 1113886 (2d Cir. Feb. 21, 2007) (summary order), and the BIA to relieve

him of his courtroom duties, *see Islam*, 469 F.3d at 57. Therefore, in reviewing this IJ's cases pending on appeal, we must carefully scrutinize the record to cull those cases in which remand is required because the IJ's "conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review," *Islam*, 469 F.3d at 55, from those cases, of which there are many, in which a fair and dignified hearing was conducted.

In the interests of efficiency, we again ask the BIA to conduct this inquiry in the first instance in all of this IJ's cases pending on appeal, *see Ba*, 2007 U.S.App. LEXIS 3976 at *8, —— Fed.Appx. at ——, but, having already reviewed the record in this case, we conclude that the IJ's conduct, *see, e.g.*, JA 126, 128, 142–43, 145–47, 157, compels us to remand for further proceedings before a different IJ.

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.